**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KALIL LATHAM,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A.,<br><br>Defendant. | Case No. 26-cv-4241<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Kalil Latham ("Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendant Capital One, N.A. ("Capital One" or "Defendant"), and alleges as follows:

**INTRODUCTION**

1. This is an action for damages arising under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA"), and its implementing regulation, Regulation E, 12 C.F.R. Part 1005. Congress enacted the EFTA to establish the rights, liabilities, and responsibilities of participants in electronic fund transfer systems, with the "primary objective" of protecting individual consumer rights. 15 U.S.C. § 1693(b). To that end, the EFTA deliberately places the risk of loss for unauthorized electronic fund transfers on financial institutions, not consumers.

2. Zelle is a peer-to-peer electronic payments network that allows users to transfer money from their bank accounts to other individuals within minutes. Because Zelle transfers are nearly instantaneous and difficult to reverse, the platform has become a favored tool of fraudsters, who use compromised credentials and account access to drain consumers' bank accounts before the consumer even realizes what has happened.

3. When a consumer notifies his bank that an electronic fund transfer from his account was unauthorized, the EFTA and Regulation E strictly limit the consumer's liability, place the

burden on the bank to prove the transfer was authorized, and require the bank to promptly and in good faith investigate and resolve the consumer's claim of error.

4. This action arises out of Capital One's failure to honor those obligations. After criminals used Plaintiff's compromised Zelle access to initiate unauthorized transfers totaling $530.00 from his Capital One account, Plaintiff promptly and repeatedly notified Capital One. Capital One summarily denied Plaintiff's disputes without any reasonable investigation, held Plaintiff liable for the full amount of the unauthorized transfers, lost or ignored Plaintiff's written dispute for a month, and ultimately failed to correct the error, all in violation of 15 U.S.C. §§ 1693f and 1693g.

5. Plaintiff seeks actual damages, statutory damages, treble damages pursuant to 15 U.S.C. § 1693f(e), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1693m.

## PARTIES

6. Plaintiff Kalil Latham is a natural person residing in Suffolk County, New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1693a(6) and 12 C.F.R. § 1005.2(e).

7. Defendant Capital One, N.A. is a national banking association that regularly conducts business in the State of New York and in this District. Capital One is a "financial institution" as that term is defined by 15 U.S.C. § 1693a(9) and 12 C.F.R. § 1005.2(i), and at all relevant times directly held Plaintiff's "account" as that term is defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. § 1005.2(b).

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, and pursuant to 15 U.S.C. § 1693m(g), which authorizes civil actions under the EFTA to be brought in any United States district court.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendant regularly conducts business in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

10. At all times relevant hereto, Plaintiff maintained a checking account with Capital One, which Plaintiff used primarily for personal, family, and household purposes (the "Account").

11. The Account is an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. § 1005.2(b).

12. The Account was enrolled in and linked to the Zelle payments network, permitting electronic fund transfers to be initiated from the Account through Zelle.

13. On April 22, 2025, an unknown third party gained unauthorized access to Plaintiff's accounts and initiated four fraudulent transactions on the same day: two transfers through Apple Cash in the amounts of $330.00 and $330.00, and two transfers through Zelle in the amounts of $330.00 and $200.00.

14. As soon as Plaintiff discovered the fraudulent activity, he contacted Apple regarding the two Apple Cash transfers, and Apple reversed both of those charges.

15. The two Zelle transfers, however, were initiated from Plaintiff's Capital One Account, as follows:

a. On April 22, 2025, at approximately 6:21 a.m., a transfer of $330.00 was sent via Zelle to a recipient identified as "Stephanie Barnes," associated with a Bank of America account and the email address stephieangel823@gmail.com; and

b. On April 22, 2025, at approximately 11:52 a.m., a transfer of $200.00 was sent via Zelle to a recipient identified as "Stephanie Barnes," associated with a First

National Bank of Pennsylvania account and the email address Babyyoda82390@gmail.com (together, the "Unauthorized Transfers").

16. Plaintiff does not know, and has never known, any person named Stephanie Barnes.

17. Plaintiff did not initiate the Unauthorized Transfers, did not authorize any person to initiate them, did not furnish any person with authority to access his Account or his Zelle credentials, and received no benefit from the Unauthorized Transfers.

18. Upon information and belief, Plaintiff's Zelle account was compromised by an unknown third party, who used that access to initiate the Unauthorized Transfers.

19. Each of the Unauthorized Transfers was an "electronic fund transfer" as defined by 15 U.S.C. § 1693a(7) and 12 C.F.R. § 1005.3(b), and an "unauthorized electronic fund transfer" as defined by 15 U.S.C. § 1693a(12) and 12 C.F.R. § 1005.2(m), because each was initiated by a person other than Plaintiff without actual authority to initiate the transfer and Plaintiff received no benefit from the transfers.

**<u>Plaintiff's Disputes and Capital One's Failure to Investigate and Resolve the Error</u>**

20. On April 22, 2025 -- the same day he discovered the fraudulent activity -- Plaintiff contacted Zelle in an attempt to resolve the Unauthorized Transfers and was advised to contact Capital One directly.

21. That same day, April 22, 2025, Plaintiff called Capital One and disputed both of the Unauthorized Transfers over the telephone, thereby providing Capital One with timely notice of the unauthorized electronic fund transfers and of an error in the Account within the meaning of 15 U.S.C. § 1693f(a) and 12 C.F.R. § 1005.11(b).

22. Capital One thereafter sent Plaintiff an email stating that his claim was denied.

23. Plaintiff disputed the Unauthorized Transfers with Capital One a second time; the outcome, however, remained the same.

24. Capital One did not issue Plaintiff any provisional credit in connection with either dispute, purporting instead to have completed its investigation of each dispute within ten business days.

25. Capital One sent Plaintiff two letters containing the same dispute results—the first dated on or about May 8, 2025, and the second dated on or about May 29, 2025—each stating that Capital One did not believe the transactions were fraudulent.

26. On May 8, 2025, Plaintiff filed a police report concerning the Unauthorized Transfers with the Suffolk County Police Department.

27. On May 27, 2025, Plaintiff filed an identity theft affidavit with the Federal Trade Commission concerning the Unauthorized Transfers.

28. On June 4, 2025, through counsel, Plaintiff mailed a written dispute letter to Capital One via USPS Certified Mail, tracking number, again disputing the Unauthorized Transfers and demanding that Capital One correct the error (the "Written Dispute").

29. According to USPS records, the Written Dispute was delivered to Capital One on June 17, 2025.

30. On July 16, 2025, having received no correspondence from Capital One regarding the Written Dispute, Plaintiff called Capital One to inquire about the status of his dispute. Capital One stated that no claim had been submitted, as if no dispute had ever been received—despite USPS confirmation that the Written Dispute had been delivered to Capital One nearly a month earlier.

31. That same day, July 16, 2025, Plaintiff obtained an email address from Capital One and emailed the dispute to Capital One directly.

32. On July 20, 2025, Plaintiff placed a follow-up call to Capital One to confirm receipt of his email. During that call, Capital One acknowledged that it had located the Written Dispute mailed in June and stated that it was investigating the dispute.

33. Capital One never provisionally credited Plaintiff's Account in connection with the Written Dispute.

34. Not until August 28, 2025—more than seventy days after the Written Dispute was delivered—did Capital One respond, emailing Plaintiff to state that it was attaching the documents used to make a decision on his claim. The attachment consisted merely of transaction information.

35. Capital One failed to refund Plaintiff or otherwise correct the error following the Written Dispute, just as it had failed to do following his first two disputes.

36. Upon information and belief, Capital One never conducted a reasonable, good-faith investigation of any of Plaintiff's three disputes. Among other things, a reasonable investigation would have revealed that the Unauthorized Transfers were sent to a recipient wholly unknown to Plaintiff, at two different receiving institutions and two different email addresses; that the transfers were part of a same-day pattern of fraud that included two Apple Cash charges Apple itself reversed as fraudulent; and that Plaintiff had reported the fraud to law enforcement and to the Federal Trade Commission.

37. Had Capital One conducted a reasonable investigation, it would have determined that the Unauthorized Transfers were unauthorized electronic fund transfers and corrected the error.

38. As a direct and proximate result of Capital One's conduct, Plaintiff has suffered actual damages, including but not limited to the loss of $530.00 in unauthorized transfers for which Capital One has wrongfully held him liable, the loss of use of those funds, out-of-pocket expenses incurred in disputing the transfers, and emotional distress, frustration, and anxiety.

## COUNT ONE

## VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. § 1693 ET SEQ.

39. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 38 above as though fully set forth herein.

40. The EFTA and Regulation E strictly limit a consumer's liability for unauthorized electronic fund transfers. 15 U.S.C. § 1693g; 12 C.F.R. § 1005.6.

41. Where, as here, the consumer provides timely notice of the unauthorized transfers, the consumer's liability may not exceed $50.00. 15 U.S.C. § 1693g(a); 12 C.F.R. § 1005.6(b)(1).

42. Furthermore, the EFTA places the burden of proof squarely on the financial institution: "In any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized." 15 U.S.C. § 1693g(b).

43. Capital One violated 15 U.S.C. § 1693g and 12 C.F.R. § 1005.6 by holding Plaintiff liable for the full $530.00 of the Unauthorized Transfers, notwithstanding his timely notice, and without establishing that the transfers were authorized.

44. The EFTA and Regulation E also required Capital One, upon receiving Plaintiff's notice of error, to promptly investigate the alleged error in good faith, to determine whether an error occurred within ten business days, and to report or mail the results of its investigation to

Plaintiff within three business days after completing its investigation. 15 U.S.C. § 1693f(a); 12 C.F.R. § 1005.11(c).

45. Alternatively, Capital One was permitted to take up to forty-five days to complete its investigation only if it provisionally recredited Plaintiff's Account within ten business days of receiving his notice of error. 15 U.S.C. § 1693f(c); 12 C.F.R. § 1005.11(c)(2).

46. Capital One violated 15 U.S.C. § 1693f and 12 C.F.R. § 1005.11 by, among other things: (a) failing to conduct a reasonable, good-faith investigation of Plaintiff's disputes; (b) failing to timely investigate and determine whether an error occurred following the Written Dispute delivered on June 17, 2025; (c) failing to provisionally recredit Plaintiff's Account despite failing to resolve the Written Dispute within ten business days; (d) failing to resolve the Written Dispute within forty-five days; and (e) failing to correct the error.

47. Capital One's violations were knowing and willful. Capital One failed to provisionally recredit Plaintiff's Account, did not have a reasonable basis for believing that the Account was not in error, and knowingly and willfully concluded that the Account was not in error when such a conclusion could not reasonably have been drawn from the evidence available to it at the time of its investigation. Plaintiff is therefore entitled to treble damages pursuant to 15 U.S.C. § 1693f(e).

48. As a direct and proximate result of Capital One's violations of the EFTA, Plaintiff has suffered and continues to suffer actual damages as described above.

49. Plaintiff is entitled to recover his actual damages, statutory damages of up to $1,000.00, treble damages, and the costs of this action together with reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1693f(e) and 1693m(a).

**TRIAL BY JURY**

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kalil Latham respectfully requests that judgment be entered against Defendant Capital One, N.A. for:

a. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1), including the $530.00 in unauthorized transfers, loss of use of funds, out-of-pocket expenses, and emotional distress;

b. Statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A);

c. Treble damages pursuant to 15 U.S.C. § 1693f(e);

d. Costs of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1693m(a)(3); and

e. Such other and further relief as the Court deems just and proper.

Dated: July 15, 2026

Respectfully submitted,

/s/Alec Deborin__________
Alec Deborin, Esq.
Stein Saks, PLLC
One University Plaza, Ste 620
Hackensack, NJ 07601
T: 201-282-6500
F: 201-282-6501
adeborin@steinsakslegal.com
*Counsel for Plaintiff*